# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2676

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Stuart Vannoy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 12, 2023
Filed: July 21, 2023
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Adam Vannoy conditionally pleaded guilty to a firearm offense after a traffic stop. *See* 28 U.S.C. §§ 922(g)(3), 924(a)(2). Although he thinks the stop violated the Fourth Amendment, we agree with the district court[1] that it did not.

A motorist called 911 to report that a white Nissan pickup truck with a "NOHATE" license plate was driving erratically. It had tailgated him, sped up and slowed down, and twice passed him at around 120 miles per hour. A Nebraska State Patrol officer soon spotted the truck, which "[a]lmost immediately" slowed down and tried to enter a closed weigh station. The officer had seen enough and pulled it over. During the stop, he saw Vannoy with "some marijuana[] [and] a large 'bong' in the front seat." A later search uncovered firearms and an unregistered silencer.

The legality of the stop became a key issue. For a traffic stop like this one, reasonable suspicion must be present. *See United States v. Gonzalez-Carmona*, 35 F.4th 636, 640 (8th Cir. 2022). We review the legal conclusions underlying the denial of a motion to suppress de novo. *See id.*

Under the totality of the circumstances, the officer had "reasonable suspicion" to believe "that a traffic violation ha[d] occurred," *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006), and that there was an "ongoing" threat, *Navarette v. California*, 572 U.S. 393, 401 (2014). After all, he knew that the 911 caller had described highly erratic driving, which suggested that the driver might be impaired. *See id.* at 401–02. The tip also had all the hallmarks of "reliability": the caller identified himself by "name and telephone number" and gave a detailed, "contemporaneous" account based on "eyewitness knowledge." *United States v. Mosley*, 878 F.3d 246, 253 (8th Cir. 2017); *see Navarette*, 572 U.S. at 397–99. The officer then confirmed several key facts and saw some erratic driving himself. *See Navarette*, 572 U.S. at 399–400. By that point, there was more than enough to justify

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

-2-

the stop.  *See United States v. Wheat*, 278 F.3d 722, 731, 735 (8th Cir. 2001); *see also Alabama v. White*, 496 U.S. 325, 331–32 (1990).

We accordingly affirm the judgment of the district court.

_____